IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEGAN BROWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: 1:13-CV-3060-ODE |
| FLANIGAN'S ENTERPRISES, INC. OF ) | |
| GEORGIA d/b/a MARDI GRAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT

Plaintiff MEGAN BROWNING ("Plaintiff") hereby files this Complaint against Defendant FLANIGAN'S ENTERPRISES, INC. OF GEORGIA d/b/a MARDI GRAS ("Defendant") and for this cause of action states the following:

### *Nature of the Claim*

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wage and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

### *Jurisdiction and Venue*

3.  This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.  The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 6300 Powers Ferry Road, NW, Atlanta, GA 30339. In accordance with 28 U.S.C. § 1391 and N.D.G.A. Local Rule 3, venue is appropriate in this Court.

### *The Parties*

5.  Plaintiff is and has been at all relevant times a resident of the State of Georgia.

6.  Plaintiff was employed as an entertainer at Mardi Gras from approximately January 2013 to approximately June 2013.

7. Defendant, which owns and operates Mardi Gras, is organized under the laws of the State of Georgia and is authorized to do business in Georgia.

8. Mardi Gras is an adult entertainment nightclub located at 6300 Powers Ferry Road, NW in Atlanta, Georgia.

9. Defendant may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Cary S. Wiggins, 260 Peachtree Street, NW, Suite 401, Atlanta, GA 30303.

10. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

12. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

13. Plaintiff consents to participate in this action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

### *Factual Allegations*

14. At all times relevant to this action, Defendant classified Plaintiff as an "independent contractor." However, Plaintiff was not an "independent contractor."

15. Defendant controlled nearly all of the aspects of Plaintiff's employment. It, among other things, required Plaintiff to dance at specified times, in a specified manner, and for specific prices; monitored and enforced Plaintiff's arrival and departure, including fining Plaintiff if she arrived late; required Plaintiff to abide by its policies and fined her if she failed to do so; regulated Plaintiff's attire and interactions with customers; and financed and controlled all advertising efforts undertaken on behalf of Mardi Gras. It did not, however, require Plaintiff to have any specialized training or background.

16. Defendant also required Plaintiff to pay specific amounts, often referred to as "house fees," "house mom fees," "DJ fees," and other fees, in order to work on any given shift.

17. The specific amounts Plaintiff was required to pay varied during her employment with Defendant, but has generally been at least $35 per shift up to $65, depending on her arrival and departure times.

18. Defendant did not pay Plaintiff any amount as wages, let alone a minimum wage for the hours that she worked. Instead, Plaintiff's source of work-related income was gratuities she received from customers.

19. Plaintiff also worked over forty hours in some weeks she worked for Defendant.

20. Because Defendant did not pay Plaintiff any wages, Defendant did not pay Plaintiff one-and-a-half times her regular rate of pay when Plaintiff worked over forty hours in a given workweek.

21. Defendant knew, or showed reckless disregard for the fact that it misclassified Plaintiff as an independent contractor, and accordingly failed to pay her the minimum wage and overtime at the required rates under the Fair Labor Standards Act.

## COUNT 1

**(Minimum Wage Compensation Due Under 29 U.S.C. § 206)**

22. Plaintiff re-alleges paragraphs 1 through 21 above and incorporates them here by reference.

23. By engaging in the conduct described above, Defendant has violated 29 U.S.C. § 206 by failing to pay minimum wage for the time that Plaintiff worked.

24. Defendant's actions in failing to compensate Plaintiff the required minimum wage were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

25. As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover her unpaid wages and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Overtime Compensation Due Under 29 U.S.C. § 207)

26. Plaintiff re-alleges paragraphs 1 through 25 above and incorporates them here by reference.

27. By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

29. As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff:

    i. damages in the amount of her unpaid wages and unpaid overtime wages, according to proof, and pursuant to the FLSA;

    ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

    iii. prejudgment interest;

    iv. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

    v. reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

    vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: September 12, 2013

                        By: s/ Andrew L. Weiner
                            Andrew L. Weiner
                            Georgia Bar No. 808278
                            aw@atlantaemployeelawyer.com
                            THE WEINER LAW FIRM LLC
                            3525 Piedmont Road
                            7 Piedmont Center
                            3rd Floor
                            Atlanta, GA  30305
                            (404) 254-0842 (Tel.)
                            (866) 800-1482 (Fax)

                            COUNSEL FOR PLAINTIFF