## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MEGAN BROWNING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 1:13-CV-3060-ODE** |
| **v.** | ) | |
| | ) | |
| **FLANIGAN'S ENTERPRISES,** | ) | |
| **INC. OF GEORGIA d/b/a** | ) | |
| **MARDI GRAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND DEFENSES OF DEFENDANT
## FLANIGAN'S ENTERPRISES, INC. OF GEORGIA d/b/a MARDI GRAS

COMES NOW DEFENDANT FLANIGAN'S ENTERPRISES, INC. OF GEORGIA d/b/a MARDI GRAS, and responding to Plaintiff's Complaint, timely files this Answer and Defenses, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in this forum in that they are subject to the terms of a binding arbitration agreement.

### THIRD DEFENSE

At all relevant times, Plaintiff was not Defendant's employee, and Defendant was not Plaintiff's employer.

## FOURTH DEFENSE

Plaintiff's claim for overtime wages are barred because she never worked more than 40 hours in any given workweek.

## FIFTH DEFENSE

Plaintiff's claim to recover the federal minimum wage is barred because at all relevant times Plaintiff earned at least $7.25/hour for each hour she worked.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the defense of set-off.

## EIGHTH DEFENSE

At all times relevant hereto, Defendant acted in good faith and had reasonable grounds to believe its actions were not in violation of the Fair Labor Standards Act.

## NINTH DEFENSE

At all times relevant hereto, Defendant acted in good faith reliance upon specific guidance from the Wage and Hour Division of the U.S. Department of Labor, and had reasonable grounds to believe that its wage and hour practices were compliant with the requirements of the Fair Labor Standards Act.

## TENTH DEFENSE

The actions of Defendant did not constitute "willful" violations of the Fair Labor Standards Act, and as such, if properly stated at all, Plaintiff's claims are subject to a two (2) year statute of limitations.

## ELEVENTH DEFENSE

For its Eleventh Defense, Defendant responds to the individually number paragraphs of the Complaint as follows:

## NATURE OF THE CLAIM

1.  Responding to the allegations in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff seeks relief for what she alleges to be unlawful employment practices, which Defendant denies.  Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

2.  Responding to the allegations in Paragraph 2 of the Complaint, Defendant admits only that Plaintiff's Complaint seeks declaratory relief, liquidated and actual damages under the Fair Labor Standards Act during her alleged employment with Defendant.  Defendant denies that Plaintiff is entitled to any of the relief requested in her Complaint, and further denies all other allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.  Responding to the allegations in Paragraph 3 of the Complaint, Defendant

admits only that this Court has subject matter jurisdiction over Plaintiff's claims, that it is subject to being served in this judicial district, and that it is subject to the Court's personal jurisdiction.   Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.  Responding to the allegations in Paragraph 4 of the Complaint, Defendant admits only that venue is proper in the Northern District of Georgia.  Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 of the Complaint, with the result they are denied.

6.  Defendant denies the allegations of Paragraph 6 of the Complaint.

7.  Defendant admits the allegations of Paragraph 7 of the Complaint.

8.  Defendant admits the allegations of Paragraph 8 of the Complaint.

9.  Defendant admits the allegations of Paragraph 9 of the Complaint, but shows that it has waived formal service of process in this civil action.

10.  Responding to the allegations of Paragraph 10 of the Complaint, Defendant admits only that it is an "employer" as defined by 29 U.S.C. §203(d), but denies that it was Plaintiff's "employer."  Defendant denies the remaining allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Responding to the allegations of Paragraph 13 of the Complaint, Defendant admits only that Plaintiff appears to have consented to participating in this civil action. Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. Responding to the allegations of Paragraph 14 of the Complaint, Defendant admits it classified Plaintiff as an independent contractor. Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. Responding to the allegations of Paragraph 15 of the Complaint, Defendant admits only that it establishes the base service charge for table-side dance fees. Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

16. Responding to the allegations in Paragraph 16 of the Complaint, Defendant admits only that dancers do pay a locker room/dressing room rental fee during the shifts they perform at Mardi Gras, but denies the remaining allegations of Paragraph 16 of the Complaint.

17.  Responding to the allegations in Paragraph 17 of the Complaint, Defendant admits only that the locker room/dressing room rental fees do change, depending on a dancer's arrival and departure times, but denies the remaining allegations in Paragraph 17 of the Complaint.

18. Responding to the allegations in Paragraph 18 of the Complaint, Defendant admits only that Plaintiff received payments from customers, some or all of which were the property of Defendant, which more than exceeded the federal minimum wage for every hour she performed at Mardi Gras.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.  Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Responding to the allegations of Paragraph 20 of the Complaint, Defendant admits only that it did not pay Plaintiff one-and-a-half times her regular rate of pay, and further shows that it was not legally obligated to do so.  Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

## COUNT I

### (Minimum Wage Compensation Due Under 29 U.S.C. § 206)

22.  Defendant restates its responses to the allegations of Paragraphs 1-21 as if fully set forth.

23.  Defendant denies the allegations of Paragraph 23 of the Complaint.

24.  Defendant denies the allegations of Paragraph 24 of the Complaint.

25.  Defendant denies the allegations of Paragraph 25 of the Complaint.

## COUNT 2

### (Overtime Compensation Due Under 29 U.S.C. § 207)

26.  Defendant restates its responses to the allegations of Paragraphs 1-25 as if fully set forth.

27.  Responding to the allegations of Paragraph 27 of the Complaint, Defendant admits only that it did not pay Plaintiff one-and-a-half times her regular rate of pay, and shows that it was not legally obligated to do so.  Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28.  Defendant denies the allegations of Paragraph 28 of the Complaint.

29.  Defendant denies the allegations of Paragraph 29 of the Complaint.

30.  Defendant denies all other allegations of the Complaint not specifically admitted herein.

31. Defendant denies all of the allegations contained in the "WHEREFORE" Paragraph following Plaintiff's "PRAYER FOR RELIEF."

### DEFENDANT DEMANDS A TRIAL BY JURY

This 11th day of November, 2013.

[signatures of counsel on following page.]

Respectfully submitted,

*/s/ Dean R. Fuchs*
W. Scott Schulten
Georgia Bar No. 630272
wss@swtlaw.com

Dean R. Fuchs
Georgia Bar No. 279170
drf@swtlaw.com

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MEGAN BROWNING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 1:13-CV-3060-ODE** |
| **v.** | ) | |
| | ) | |
| **FLANIGAN'S ENTERPRISES,** | ) | |
| **INC. OF GEORGIA d/b/a** | ) | |
| **MARDI GRAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the font and font size requirements of this Court's Local Rules, and that I have this date filed the above and foregoing **ANSWER AND DEFENSES OF FLANIGAN'S ENTERPRISES, INC. OF GEORGIA d/b/a MARDI GRAS** using the Court's CM/ECF electronic filing system which will automatically cause a copy to be served by e-mail upon the following:

Andrew L. Weiner
aw@atlantaemployeelawyer.com

This 11th day of November, 2013.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800 telephone